Argued and submitted June 3, affirmed August 4, reconsideration denied
October 20, 1987

JOHN ZAHOS,
*Petitioner on review,*

*v.*

BOARD OF PAROLE,
*Respondent on review.*

(CA A41665; SC S33880)

740 P2d 780

Lawrence E. Hall, Deputy Public Defender, Salem, argued the cause for petitioner on review. On the petition for review was Gary D. Babcock, Public Defender, Salem.

J. Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

PER CURIAM

## PER CURIAM

Petitioner was convicted of sexual abuse in the first degree and was sentenced to a four-year term of imprisonment.

At petitioner's prison term hearing, the Board of Parole (Board) established a history/risk score of 8, crime category 3 with a matrix range of 10 to 14 months and determined that a 17-month prison term was appropriate. Petitioner's Board Action Form states that the 17-month set reflects one standard variation from the range because the Board found the following aggravating factors: the vulnerability (*i.e.,* young age) of the victim; repetition of behavior pattern which contributes to criminal conduct (*e.g.,* return to drug and alcohol abuse); and criminal history more extensive or serious than reflected by history/risk score.

Petitioner appealed from the final order of the Board dated June 17, 1986. The Court of Appeals affirmed from the bench.

Petitioner seeks review, alleging that the Board failed to satisfy the requirements of ORS 144.135 and failed to consider certain factors in mitigation. Petitioner's procedural contentions are answered in *Anderson v. Board of Parole,* 303 Or 618, 740 P2d 760 (1987).

Petitioner also claims that "[t]he record reflects the Board failed to consider a number of mitigating circumstances." The record reflects that petitioner admitted to molesting a child only after he "freaked out" because his cocaine was missing. The Board properly rejected this contention as mitigation.

The decision of the Court of Appeals is affirmed.